IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **MCS INDUSTRIES, INC.** <br> 2280 Newlins Mill Road <br> Easton, Pennsylvania 18045 <br><br> *Plaintiff* <br><br> v. <br><br> **ALDI, INC.** <br> 1200 N. Kirk Road <br> Batavia, IL 60510 <br><br> *Defendant* | **CIVIL ACTION** <br><br> Case No. <br><br> **JURY TRIAL DEMANDED** |

## COMPLAINT

Plaintiff, MCS Industries, Inc. ("MCS"), by and through its counsel, hereby files this Complaint for patent infringement against Defendant, ALDI, Inc. ("ALDI").

## PARTIES

1. Plaintiff, MCS, is a corporation existing under the laws of the Commonwealth of Pennsylvania, with its principal place of business located at 2280 Newlins Mill Road, Easton, Pennsylvania 18045.

2. Defendant, ALDI, is a corporation which, upon information and belief is regularly conducting sales activities and otherwise doing business in this judicial district. Upon information and belief, Defendant ALDI is a corporation established and existing under the laws of Illinois, with its principal place of business located at 1200 N Kirk Road, Batavia, IL 60510. ALDI can be served through its registered agent for service: C T Corporation System, located at 1200 South Pine Island Road, Plantation, FL 33324.

## JURISDICTION AND VENUE

3. This action arises under the Patent Laws of the United States, specifically Title 35 of the United States Code.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

5. Venue is proper in this judicial district under 28 U.S.C. § 1400(b) because: (1) ALDI has a regular and established place of business in this judicial district, at least due to the presence of its store located at 4034 Jandy Blvd., Nazareth PA 18064; and (2) ALDI has committed acts of infringement in this judicial district by selling and offering for sale Infringing Product (as defined in Paragraph 12 of this Complaint), as evidenced by Exhibit A. Exhibit A is a true and correct copy of a receipt evidencing a purchase of Infringing Product from ALDI's store located at 4034 Jandy Blvd., Nazareth PA 18064.

6. This Court has personal jurisdiction over ALDI because ALDI has transacted business and otherwise conducted sales activities in this district, has a regular and established place of business in this district, and has committed, contributed to, and induced acts of patent infringement in this district.

## FACTS

7. MCS owns a portfolio of patents covering over-the-door mirrors and over-the-door hanging apparatus, including United States Patent No. 10,959,546 and United States Patent No. 11,033,125 (collectively, "the Patents-in-Suit").

8. On March 30, 2021, the United States Patent and Trademark Office ("USPTO") duly and legally issued United States Patent No. 10,959,546 (hereinafter "the '546 Patent"),

entitled "Over-the-Door Hanging Apparatus."  A copy of the '546 Patent is attached hereto as Exhibit B.

9. On June 15, 2021, the USPTO duly and legally issued United States Patent No. 11,033,125 (hereinafter "the '125 Patent"), entitled "Hanging Apparatus."  A copy of the '125 Patent is attached hereto as Exhibit C.

10. MCS owns all right, title, and interest in and to the Patents-in-Suit.

11. MCS is in the business of designing, developing, manufacturing, and selling frames and other hanging products, including an over-the-door mirror that embodies the inventions claimed in the Patents-in-Suit.  MCS considers its over-the-door mirror a signature product and has invested substantial resources in developing said over-the-door mirror and protecting the same.

12. ALDI is a retailer whose business includes selling a wide variety of consumer products, including selling, offering for sale, and/or importing into Pennsylvania, specifically including within this judicial district, and elsewhere within the United States, over-the-door mirrors that infringe the Patents-in-Suit, including but not limited to its Huntington Home® Over-the-Door Mirror product, Item No. 47808, (hereinafter "the Infringing Product").  Pictures of the Infringing Product are attached hereto as Exhibit D.

13. ALDI has not sought nor obtained a license under the Patents-in-Suit and is not authorized or permitted to market, manufacture, use, perform, offer for sale, or sell any of the inventions claimed in the Patents-in-Suit.

## COUNT I
## DIRECT INFRINGEMENT OF THE PATENTS-IN-SUIT

14. The allegations of paragraphs 1-13 are incorporated as fully set forth.

15. Through its sale, offer for sale, use, and/or importation of the Infringing Product in Pennsylvania, including within this judicial district, and elsewhere within the United States, ALDI

has directly infringed the Patents-in-Suit under 35 U.S.C. § 271 (a) and will continue to do so unless enjoined by this Court. The Infringing Product embodies the inventions set forth in one or more claim of each of the Patents-in-Suit, including without limitation, as set forth in the claim charts attached hereto as Exhibit E.

16. ALDI has written notice of its infringement of the Patents-in-Suit at least by nature of the service of this Complaint.

17. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

18. Upon information and belief, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

19. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

20. MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

21. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by this Court.

## COUNT II
## INDUCED INFRINGEMENT OF THE PATENTS-IN-SUIT

22. The allegations of paragraphs 1-21 are incorporated as fully set forth.

23. ALDI has induced and continues to induce the direct infringement of the Patents-in-Suit by its customers and suppliers by, among other activities: (1) advising, encouraging, and intending for its customers to assemble and use the Infringing Product, which infringes the Patents-

in-Suit; and (2) advising, encouraging, and intending for its suppliers to import the Infringing Product into the United States, which infringes the Patents-in-Suit.

24. ALDI has written notice of its infringement of the Patents-in-Suit at least by nature of the service of this Complaint.

25. By continuing the aforesaid acts, ALDI has the specific intent to induce the infringement of the Patents-in-Suit and is therefore liable under 35 U.S.C. § 271(b).

26. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

27. Upon information and belief, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

28. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

29. MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

30. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by this Court.

## COUNT III
## CONTRIBUTORY INFRINGEMENT OF THE PATENTS-IN-SUIT

31. The allegations of paragraphs 1-30 are incorporated as fully set forth.

32. ALDI has contributed, and continues to contribute, to the direct infringement of the Patents-in-Suit by its customers by, among other activities, offering to sell or by selling within the United States the Infringing Product, knowing that the Infringing Product is especially made or especially adapted for use in infringing the Patents-in-Suit when assembled and/or used.

33. The Infringing Product, including its components, are not staple articles or commodities of commerce suitable for substantial noninfringing use. The Infringing Product, and components thereof, have no substantial noninfringing uses because they cannot be used, in any practical sense, for purposes other than causing and/or contributing to the infringement of the Patents-in-Suit.

34. ALDI has written notice of its infringement of the Patents-in-Suit at least by nature of the service of this Complaint.

35. By continuing the aforesaid acts, ALDI has the specific intent to contribute to the infringement of the Patents-in-Suit and is therefore liable under 35 U.S.C. § 271(c).

36. As a result of the aforesaid acts, ALDI has damaged, and is continuing to damage, MCS.

37. Upon information and belief, ALDI is deliberately and willfully infringing the Patents-in-Suit with full knowledge of the Patents-in-Suit, rendering this case "exceptional" under 35 U.S.C. § 285.

38. MCS has suffered monetary damages as a result of the infringing actions of ALDI with respect to the Patents-in-Suit.

39. MCS has suffered and continues to suffer irreparable harm, for which there may be no adequate remedy at law, unless enjoined by this Court.

40. Upon information and belief, ALDI will continue to infringe the Patents-in-Suit unless enjoined by this Court.

## DAMAGES AND PERMANENT INJUNCTION

41. ALDI's infringement of the one or more claims of the Patents-in-Suit has and will continue to damage Plaintiff.

42. MCS seeks an award of damages to compensate it for ALDI's infringement.

43. In addition, MCS further seeks to permanently enjoin ALDI from infringing the Patents-in-Suit. ALDI's sale of the Infringing Product at discounted prices is damaging the market and MCS's ability to commercialize the inventions of the Patents-in-Suit, including eroding the market and price for the inventions claimed in the Patents-in-Suit. Accordingly, if ALDI is not permanently enjoined, MCS will suffer irreparable harm in the form of lost market share, permanent price erosion, goodwill, harms, and losses for which there is no adequate remedy at law.

44. ALDI's continued offer for sale and sale of the Infringing Product supports a finding of willfulness of infringement of the Patents-in-Suit. Moreover, MCS intends to seek discovery on the issue of willfulness and reserves all of its rights to seek a finding of willfulness regarding ALDI's acts of infringement prior to the filing of this Lawsuit with respect to the Patents-in-Suit and/or post-suit acts of infringement with respect to the Patents-in-Suit.

45. MCS seeks that this Court grant: (1) enhanced damages up to treble the amount found or assessed; (2) declare this case "exceptional" and award Plaintiffs their reasonable attorneys' fees; and (3) grant MCS such other relief as is just and proper.

## JURY DEMAND

MCS hereby requests a trial by jury pursuant to Rule 38 of the Federal Rules of Civil Procedure on all issues so triable.

## PRAYER FOR RELIEF

As a result of and in light of the foregoing, MCS respectfully requests that the Court find in its favor and against ALDI, and that the Court grant MCS the following relief:

(a) A judgment in favor of MCS that ALDI has directly infringed the Patents-in-Suit, and/or that ALDI has indirectly infringed the Patents-in-Suit by way of inducing and/or contributing to the direct infringement by its customers;

(b) A permanent injunction, pursuant to 35 U.S.C. § 283, enjoining ALDI and its officers, directors, agents, affiliates, employees, installers, branches, subsidiary and parent entities, and all others acting in active concert therewith, from infringing, inducing the infringement of, or contributing to the infringement of the Patents-in-Suit;

(c) An award to MCS of damages adequate to compensate MCS for ALDI's acts of infringement, together with pre-judgment and post-judgment interest thereon;

(d) A declaration by this Court that this is an exceptional case and including an award to MCS of their reasonable attorneys' fees and costs in accordance with 35 U.S.C. §285; and

(e) Any and all further relief that this Court deems just and proper.

Respectfully submitted,

**BOCHETTO & LENTZ, P.C.**

Date: August 27, 2021

By: _____
*/s/ Gavin P. Lentz*
Gavin P. Lentz, Esquire (53609)
Peter R. Bryant, Esquire (312328)
1524 Locust Street
Philadelphia, PA 19102
(215) 735-3900
glentz@bochettoandlentz.com
pbryant@bochettoandlentz.com
*Attorneys for Plaintiff*

## **VERIFICATION**

I, Michael Pyle, pursuant to 28 U.S.C. 1746, declare as follows:

1. I am a Senior Director at Plaintiff MCS Industries, Inc., and I am authorized to make this verification on behalf of Plaintiff MCS Industries, Inc.; and

2. I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

**EXECUTED THIS  27th, day of August, 2021**

_____
Michael Pyle